UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| JACKIE WILKINS, SR. | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 4:04-cv-28 / 4:05-cv-22 |
| | ) | (4:03-cr-24) |
| | ) | *Edgar* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION**

These are two motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jackie Wilkins, Sr. ("Wilkins"). For the following reasons, the § 2255 motions will be **DENIED** and these actions will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Wilkin's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Wilkins "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Wilkins is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Wilkins pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); there was no plea agreement. On September 29, 2003, he was sentenced, as an armed career criminal under 18 U.S.C. § 924(e)(1), to a minimum mandatory term of imprisonment of 180 months. Wilkins did not appeal his conviction or sentence. Wilkins' judgment of conviction became final on October 14, 2003. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension of appeal time for good cause or excusable neglect.").

The government stated the factual basis for Wilkins' plea as follows:

> On May 6 of this year, the defendant, who apparently is a landlord, had a dispute with a couple of his tenants. During the course of the confrontation with them, a fire -- he pulled out a firearm; the firearm that's described in the indictment. The tenants called the Coffee County Sheriff's Department. This occurred in Beech Grove, I believe, Your Honor. Coffee County Sheriff's Department, they arrived at the scene.
>
> In the meantime, the defendant placed the gun in the back of his truck or behind the seat of his truck. When confronted by the police, he admitted that he did have a firearm. They went and searched in the truck pursuant to his consent and found the gun that was described.
>
> The gun was manufactured outside the state of Tennessee. The defendant has at least one prior felony conviction.

[Criminal Action No. 4:03-cr-24, Court File No. 22, Transcript of Guilty Plea Hearing, pp. 13-14]. Wilkins agreed with the factual basis, with the exception that he denied pointing the gun at anyone. [*Id.* at 14-15].

Wilkins filed his original motion to vacate, set aside or correct sentence on April 7, 2004, and alleged three instances of ineffective assistance of counsel. [Civil Action No. 4:04-cv-28]. On May 13, 2004, he amended his § 2255 motion to allege that 18 U.S.C. § 922(g) is unconstitutional in light of the Second Amendment. Wilkins again amended his § 2255 motion, on August 30, 2004, to expand upon previous claims and to allege additional instances of ineffective assistance of counsel, including claims that counsel should have challenged the constitutionality of 18 U.S.C. § 922(g) and that counsel should have raised an objection to his sentence for the reasons set forth in *Blakely v. Washington*, 542 U.S. 296 (2004).

Before the government filed its answer to the original § 2255 motion, Wilkins filed another motion to vacate, set aside or correct sentence, which was docketed under a separate civil case number. [Civil Case No. 4:05-cv-22]. In that motion, Wilkins challenges his sentence based upon the *Blakely* decision, as well as the decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005).

The court transferred the second § 2255 motion to the Sixth Circuit, because Wilkins had not received permission for filing a second or successive motion. The Sixth Circuit subsequently remanded the second § 2255 motion for consideration by this court. The government then filed its consolidated response to the two § 2255 motions to vacate, set aside or correct sentence.

III. <u>Discussion</u>

*A. Constitutionality of 18 U.S.C. § 922(g)*

Wilkins alleges that 18 U.S.C. § 922(g) is unconstitutional under the Second Amendment to the Constitution, which provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Wilkins' argument lacks merit. *See, e.g., United States v. Napier*, 233 F.3d 394, 403 (6th Cir. 2000) ("Every circuit court which has had occasion

4

to address the issue has upheld § 922 generally against challenges under the Second Amendment.") (citations omitted).

## B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Wilkins must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The two-part test of *Strickland* also applies to ineffective assistance of counsel claims in cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52 (1985); *Sparks v. Sowders*, 852 F.2d 882 (6th Cir. 1988).

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [411 U.S. 258 (1973)], and *McMann v. Richardson*, [397 U.S. 759 (1970)]. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 58-59 (footnote omitted). As noted, Wilkins alleges several instances of ineffective assistance of counsel, which the court will consider in turn.

**1. Failure to file notice of appeal**

Wilkins claims that his attorney rendered ineffective assistance of counsel by failing to file a notice of appeal. In *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998), the Sixth Circuit held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Id*. at 459. The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir.

2003) (failure to file an appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

In an affidavit in support of his § 2255 motion, Wilkins testifies, in relevant part, as follows:

> (5.) After sentence was imposed and the Court advised of appellate rights, I asked counsel was [s]he going to appeal to this and she replied, "[T]hat's basically it."
>
> (6.) Affiant had full intention of exploring the right to appeal and requested for that right to be exercised.

[Court File No. 2, Memorandum, Exhibit 1, Affidavit of Jackie Wilkins, Sr. (alterations in original]. Wilkins does not state in his affidavit what issues he wanted raised on appeal.

In his second amendment to the § 2255 motion, Wilkins claims he informed his attorney of his desire to appeal his conviction and sentence. [Court File No. 8, Amended Motion, p. 10]. According to Wilkins, he wanted to argue on appeal that the enhancement under the Armed Career Criminal Act (ACCA) was illegal because he was not given adequate notice of it, that his guilty plea was involuntary because he was not aware of the possibility of the enhancement, and that 18 U.S.C. §§ 922(g) and 924(e) are unconstitutional. [*Id*. at 10-11]. Wilkins does not claim, however, that he specifically instructed his attorney to raise these claims on appeal. Apparently, Wilkins discovered these claims during research after his conviction became final.

7

At sentencing, Wilkins withdrew his objection to being classified as an armed career criminal, as a result of additional background information he had received regarding his prior convictions for sexual battery. [Criminal Action No. 4:03-cr-24, Court File No. 21, Judgment Proceedings, p. 3]. The court sustained Wilkins' objection to receiving a one-level increase in his offense level for using a firearm in connection with the assault on his tenants; the court found "that it has not been shown by a preponderance of the evidence that this offense took place in connection with a crime of violence." [*Id.* at 22].

As a result, Wilkins' total offense level was 30, with a guideline sentence range of 135 to 168 months, instead of a total offense level of 31, with a guideline sentence range of 188 to 235 months. Wilkins was sentenced, however, to the mandatory minimum sentence of fifteen years (180 months).

There was no basis for Wilkins to have appealed his sentence. As noted elsewhere in this opinion, he was clearly given notice of the ACCA enhancement. [Section III, subpart A., ¶ 4, *infra*]. His constitutional arguments lack merit. His attorney secured a favorable ruling on the objection to the presentence report, and Wilkins received the mandatory minimum sentence for his offense. Under these circumstances, he cannot now complain that his attorney rendered ineffective assistance of counsel by failing to file an appeal. As noted, there is nothing in the record to suggest that Wilkins specifically requested his attorney raise certain claims on appeal. Based upon the foregoing, Wilkins has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

## 2. Failure to investigate or object to application of the ACCA

Wilkins alleges his attorney failed to bring to the court's attention the fact that his prior convictions were part of the same criminal episode against the same person, and thus did not constitute separate predicate offenses under the ACCA. This claim is contradicted in the record. As noted previously, at sentencing, Wilkins withdrew his objection to being classified as an armed career criminal.

The presentence report indicated that Wilkins pleaded guilty, on April 8, 1993, to three counts of aggravated sexual battery involving the same minor girl; he was sentenced on May 10, 1993, to concurrent prison terms of nine years on each count. The judgments indicated that the offense in count one occurred in July, 1992; the offense in count two occurred in August, 1992; and the offense in count three occurred in September, 1992. [Presentence Investigation Report, pp. 8-9, ¶ 36].

Wilkins' attorney filed an objection to the ACCA enhancement, based on the fact that neither the indictment nor the judgments specified a date of the offense, other than a month and year. Thus, counsel argued that, since the offenses involved the same victim, two of the offenses could have occurred on the last day of one month and the first day of the following month, and thus constituted a single criminal episode. [*Id*., Addendum, pp. 1-2]. In response, the probation officer noted that Wilkins was charged in a six-count indictment with unlawful sexual penetration of the minor victim on "'divers' [various]" days in the months of July, August, and September, 1992. The officer therefore concluded that the prior

9

convictions occurred on different occasions and thus constituted separate predicate offenses under the ACCA.

As noted, at sentencing Wilkins withdrew his objection to being classified as an armed career criminal, as a result of additional background information he had received regarding his prior convictions for sexual battery. [Criminal Action No. 4:03-cr-24, Court File No. 21, Judgment Proceedings, p. 3]. Counsel clearly investigated the application of the ACCA and.Wilkins has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

### 3. Failure to investigate the search and seizure

Wilkins alleges his attorney failed to discover that the State conducted an illegal search and seizure in his case and thus counsel failed to move to suppress the evidence. Wilkins claims this resulted in his entering an involuntary guilty plea. According to Wilkins, he did not consent to the search of his truck. Wilkins relies on the arrest report from the Coffee County Sheriff's Department, with respect to the incident that led to Wilkins' arrest. [Court File No. 2, Memorandum in Support of Motion to Vacate Sentence, Exhibit 2].

It is true that the arrest report does not state specifically that Wilkins consented to the search. However, as noted earlier, Wilkins agreed with the factual basis for his guilty plea, which contained the statement that the truck was searched pursuant to Wilkins' consent. There was no basis, therefore, for Wilkins' attorney to have filed a motion to suppress in this case and her failure to do so did not constitute ineffective assistance of counsel. *United*

States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

**4. Failure to advise Wilkins of the ACCA enhancement**

Wilkins alleges that, in order to induce him to plead, his attorney advised him he was facing a guideline sentence range of 27 to 33 months; he claims he was not informed, by either his attorney or the court, that he was subject to an enhanced sentence under the ACCA, and thus his guilty plea was not a knowing and voluntary plea. Wilkins also alleges that, once he became aware of the enhancement as set forth in the presentence report, he told his attorney he wanted to withdraw his plea, but she informed him his admission of guilt at the guilty plea hearing could be used against him at trial. In a related claim, Wilkins alleges that his attorney failed to challenge the ACCA enhancement on the basis that he was not given notice of it.

During the guilty plea hearing, the court carefully explained to Wilkins the rights he was giving up by pleading guilty. [Criminal Action No. 4:03-cr-24, Court File No. 22, Transcript of Guilty Plea Hearing, pp. 4-6]. Wilkins acknowledged that no one was forcing him to plead guilty, and freely admitted his guilt. [*Id*. at 6, 15]. At the court's request, the government advised Wilkins as to the maximum penalty he was facing:

> **MR. NEFF**: Yes, sir. The maximum punishment for a felon in possession of a firearm is a ten-year prison sentence, a $250,000 fine, three years' supervised release and $100 special assessment. If the defendant turns out to be an armed career criminal, then there is a mandatory minimum term

of imprisonment of 15 years, and I believe the supervised release came to five years, with three years on probation.

[*Id*. at 10].

Wilkins acknowledged the possible punishments and stated that, knowing what those possibilities were, he still wanted to plead guilty. [*Id*. at 11]. He also acknowledged his awareness of the sentencing guidelines and that his guideline sentence range could not be determined until after the presentence report was prepared. [*Id*. at 11-12]. Also, when the court asked Wilkins if the government had promised him anything, Wilkins stated they had talked about it, but "won't know anything until we get the PSI back." [*Id*. at 7].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2, 3 (6th Cir. 1961).

As stated above, in accepting petitioner's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. It is well-settled that where a court scrupulously follows the requirements of Rule 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's

"decision to lie to the district court cannot amount to prejudice"). Accordingly, Wilkins cannot now allege that his guilty plea was coerced or that he lacked notice that he might be sentenced as an armed career criminal.

During the sentencing hearing, after the court had signaled its intention of sentencing Wilkins to the minimum mandatory term of 180 months as an armed career criminal, Wilkins was asked if he had anything to say to the court, and his response was "No, sir." [*Id.*, Court File No. 21, p. 23]. Specifically, Wilkins did not ask to withdraw his guilty plea nor did he complain about his attorney's services, including the decision to withdraw the objection to the ACCA enhancement. Wilkins cannot now claim that his guilty plea was involuntary as a result of ineffective assistance of counsel or that counsel should have objected to the ACCA enhancement based upon lack of notice. Wilkins has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

**5. Failure to argue that 18 U.S.C. § 922(g) is unconstitutional**

Wilkins alleges his attorney failed to argued that § 922(g) is unconstitutional. The court has already found this argument lacks merit. Wilkins' attorney did not render ineffective assistance of counsel by her failure to argue the point. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

13

### 6. Failure to challenge the constitutionality of 18 U.S.C. § 924(e)

Wilkins claims his attorney should have challenged the constitutionality of 18 U.S.C. § 924(e)(1) on the basis that, while it sets a mandatory minimum penalty of 15 years, it does not include a maximum penalty. According to Wilkins, the failure to include a maximum penalty shifts a legislative function to the judiciary and renders § 924(e)(1) unconstitutional and unenforceable.

This allegation lacks merit. The circuit courts that have considered what is the maximum penalty under the ACCA have uniformly construed § 924(e)(1) to authorize a maximum sentence of life imprisonment. *See, e.g., United States v. Weems*, 322 F.3d 18, 26 (1st Cir. 2003); *United States v. Mack*, 229 F.3d 226, 229 n. 4 (3d Cir. 2000); *United States v. Brame*, 997 F.2d 1426, 1428 (11th Cir. 1993); *United States v. Bland*, 961 F.2d 123, 128 (9th Cir. 1992); *United States v. Wolak*, 923 F.2d 1193, 1199 (6th Cir. 1991); *United States v. Tisdale*, 921 F.2d 1095, 1100 (10th Cir. 1990); *United States v. Blannon*, 836 F.2d 843, 845 (4th Cir. 1988); *United States v. Jackson*, 835 F.2d 1195, 1197 (7th Cir. 1987); *see also Custis v. United States*, 511 U.S. 485, 487 (1994) (remarking that the ACCA "raises the penalty for possession of a firearm by a felon from a maximum of 10 years in prison to a mandatory minimum sentence of 15 years and a maximum of life in prison"). Accordingly, the failure of Wilkins' attorney to challenge the constitutionality of § 924(e)(1) was not ineffective assistance of counsel.

### 7. Failure to object to ACCA enhancement

Wilkins alleges his attorney should have objected to the ACCA enhancement because it was not charged in the indictment. Section 924(e)(1) provides for an enhanced sentence based solely upon prior convictions and there is no requirement that prior convictions must be charged in an indictment. *See Jones v. United States*, 526 U.S. 227, 243 n.6 (1999) ("any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt"). Accordingly, Wilkins' attorney did not render ineffective assistance of counsel by failing to object to the ACCA enhancement.

### 8. Failure to require proof of jurisdiction

Wilkins claims his attorney failed to require the government to prove standing so that the district court had jurisdiction in this case. Title 18 U.S.C. § 3231 provides: "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." As the Seventh Circuit has noted: "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). *See also United States v. Titterington*, 374 F.3d 453 (6th Cir. 2004) ("The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. 3231 ....").

There is no question this court had jurisdiction to consider the charge against Wilkins. Accordingly, his attorney's failure to raise the issue did not constitute ineffective assistance of counsel. Based upon the foregoing, Wilkins has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

### C. Apprendi, Blakely, and Booker

In his second amendment to the original § 2255 motion, and in his second § 2255 motion, Wilkins alleges that his sentence as a career offender violated his Sixth Amendment right to trial by jury. Wilkins relies on the Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).

In *Apprendi*, the Supreme Court considered an enhanced punishment for a firearm conviction under New Jersey's hate crime statute, and held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to the jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The Supreme Court specifically excepted from Sixth Amendment protection the fact of a prior conviction. Thus, *Apprendi* does not afford Wilkins any relief.

At the time of Wilkins' sentencing, the Supreme Court had not issued its decision in *Blakely*. At this time, however, there is no reason to apply *Blakely* retroactively to a § 2255 motion. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). In addition, *Blakely*, like

*Apprendi*, excepted from Sixth Amendment protection the fact of a prior conviction. Moreover, any claim Wilkins may have pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *Booker*, which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." *United States v. Booker*, 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2005). Thus, *Booker* cannot provide Wilkins any basis for relief.

In any event, Wilkins' sentence was not based upon the sentencing guidelines but rather upon a statute. *Booker* does not apply when a sentence is the result of a statutory minimum mandatory term of imprisonment. *See, e.g., United States v. Paige*, 470 F.3d 603, 612 (6th Cir. 2006) ("remand is not required by *Booker* when the defendant has been sentenced to a statutory mandatory minimum sentence"); *United States v. Jones*, 205 Fed.Appx. 327, (6th Cir. 2006) ("when the defendant has been sentenced to the statutory mandatory minimum, *Booker* is not implicated").

IV.     Conclusion

Wilkins is not entitled to relief under § 2255 and his motions to vacate, set aside or correct sentence will be **DENIED**.  These actions will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** Wilkins leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Wilkins having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

> */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> UNITED STATES DISTRICT JUDGE